UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INVERNESS MEDICAL INNOVATIONS, INC., INVERNESS MEDICAL SWITZERLAND GMBH, and SPD SWISS PRECISION DIAGNOSTICS GMBH.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br><br>CHURCH & DWIGHT COMPANY, INC.,<br><br>　　　　Defendant. | Case No. |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Inverness Medical Innovations, Inc. ("Inverness US"), Inverness Medical Switzerland GmbH ("Inverness Switzerland"), and SPD Swiss Precision Diagnostics GmbH ("SPD") (collectively, the "Plaintiffs") bring this Complaint for patent infringement against Church & Dwight Company, Inc. ("C&D") (the "Defendant"), and allege as follows:

**PARTIES**

1.　　Plaintiff Inverness US is a Delaware corporation having a principal place of business at 51 Sawyer Road, Suite 200, Waltham, MA 02453, U.S.A.

2.　　Plaintiff Inverness Switzerland is a corporation organized and existing under the laws of Switzerland, and having its principal place of business in Zug, Switzerland.

3.　　Plaintiff SPD is a corporation organized and existing under the laws of Switzerland, and having its principal place of business in Geneva, Switzerland.

4. Upon information and belief, Defendant C&D is a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in Princeton, New Jersey.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,317,532

8. Plaintiffs repeat and re-allege the allegations in paragraphs 1-7 as though fully set forth herein.

9. Inverness Switzerland is the owner of the U.S. Patent No. 7,317,532 (the '532 patent"), entitled "Flow Sensing for Determination of Assay Results." The '532 patent was duly issued by the United States Patent & Trademark Office on January 8, 2008, and is valid and enforceable. A copy of the '532 patent is attached as Exhibit A.

10. SPD is an exclusive licensee to the '532 patent.

11. SPD, through Inverness US, markets and sells nationwide home pregnancy tests under the brand name CLEARBLUE®Easy™. The CLEARBLUE®Easy™ pregnancy test device practices at least one claim of the '532 patent.

12. Inverness US is an exclusive importer, packager, and reseller of CLEARBLUE®Easy™ products in the U.S.

13. C&D markets and sells nationwide digital pregnancy tests under the brand name FIRST RESPONSE®GOLD™, which compete with the CLEARBLUE®Easy™ products.

14.     Upon information and belief, C&D, without authority, makes, uses, offers to sell, sells within the United States, or imports into the United States, products, including its FIRST RESPONSE®GOLD™ product, that are covered by one or more claims of the '532 patent, thereby infringing, contributing to the infringement of, or actively inducing infringement of one or more claims of the '532 patent.

15.     Upon information and belief, Defendant is willfully infringing one or more claims of the '532 patent and will continue to do so unless enjoined by this Court, and Plaintiffs have incurred, and will continue to incur, damages as a result of Defendant's infringement of the '532 patent.

16.     Plaintiffs have been, are being, and will continue to be, seriously damaged and irreparably harmed unless Defendant is enjoined by this Court from the actions complained of herein, and thus Plaintiffs are without an adequate remedy at law.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment as follows:

a)      That this Court find that the Defendant has committed acts of patent infringement in violation of the Patent Act, 35 U.S.C. §271;

b)      That this Court enter an injunction enjoining Defendant, its officers, agents, servants, and attorneys, and any other persons in active concert or participation with them, from continuing the acts herein complained of, and that Defendant and such other persons be permanently enjoined and restrained from further infringing the '532 patent;

c)      That this Court require Defendant to file with this Court, within thirty (30) days after entry of judgment, a written statement under oath setting forth in detail the manner in which Defendant has complied with the injunction;

d)      That this Court enter an Order causing the destruction of Defendant's infringing products;

e)      That the Court award Plaintiffs all relief available under the patent laws of the United States, including but not limited to monetary damages, including prejudgment interest;

f)      That the Defendant's infringement of the '532 patent be judged willful and that the damages awarded to Plaintiffs be increased pursuant to 35 U.S.C. §284 (by three times the amount found or assessed);

g)      Finding this to be an exceptional case, and awarding Plaintiffs their costs and reasonable attorney's fees in respect thereto in accordance with the U.S. Patent Law;

h)      And, granting Plaintiffs such other relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

INVERNESS MEDICAL INNOVATIONS, INC., INVERNESS MEDICAL SWITZERLAND GMBH, and SPD SWISS PRECISION DIAGNOSTICS GMBH,

By their attorneys,

**/s/ Michael J. Pineault**
Michael J. Pineault (BBO# 555314)
CLEMENTS & PINEAULT, LLP
24 Federal Street
Boston, MA 02110
857-445-0135
mpineault@clementspineault.com

Dated:  January 8, 2010