IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INVERNESS MEDICAL INNOVATIONS INC., INVERNESS MEDICAL SWITZERLAND GMBH, AND SPD SWISS PRECISION DIAGNOSTICS GMBH<br><br>Plaintiffs-Counterclaim Defendants,<br><br>v.<br><br>CHURCH & DWIGHT COMPANY, INC.,<br><br>Defendant-Counterclaim Plaintiff. | 1:10-cv-10027-DPW |

## INVERNESS MEDICAL INNOVATIONS, INC.'S, INVERNESS MEDICAL SWITZERLAND GMBH'S, AND SPD SWISS PRECISION DIAGNOSTICS GMBH'S COMBINED REPLY TO CHURCH & DWIGHT COMPANY, INC.'S ANSWER AND COUNTERCLAIMS

Inverness Medical Innovations, Inc. ("Inverness U.S."), Inverness Medical Switzerland GmbH ("Inverness Switzerland"), and SPD Swiss Precision Diagnostics GmbH ("SPD") (collectively, the "Plaintiffs-Counterclaim Defendants") hereby reply to Defendant-Counterclaimant Church & Dwight Co., Inc.'s ("C&D") (the "Defendant-Counterclaimant") Answer and Counterclaims as follows:

### COUNTERCLAIMS

1. Upon information and belief, allegations contained in paragraph 1 are admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Plaintiffs-Counterclaim Defendants admit that C&D has made allegations that invoke the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. § 1 et seq., but deny that any of the counterclaims state a claim upon which relief may be granted.

6. Plaintiffs-Counterclaim Defendants admit that this court has subject matter jurisdiction over C&D's counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 1367 to the extent the counterclaims are related to the case or controversy identified in the Plaintiffs-Counterclaim Defendants' original Complaint, but deny that any of the counterclaims state a claim upon which relief may be granted.

7. Plaintiffs-Counterclaim Defendants answer as follows: Inverness U.S. admits that this Court has personal jurisdiction over it; Inverness Switzerland and SPD admit that this Court has personal jurisdiction over them with respect to the counterclaims to the extent those claims may properly be asserted under Fed. R. Civ. P. 13 and under 28 U.S.C. §§ 1331, 1338(a) and 1367. However, Plaintiffs-Counterclaim Defendants deny that any of the counterclaims state a claim upon which relief may be granted.

8. Plaintiffs-Counterclaim Defendants admit that venue in this District over C&D's counterclaims is proper to the extent those claims may properly be asserted under Fed. R. Civ. P. 13 and under 28 U.S.C. §§ 1331, 1338(a) and 1367, but deny that any of the counterclaims state a claim upon which relief may be granted.

9. Upon information and belief, Plaintiffs-Counterclaim Defendants admit that C&D is in the business of marketing and distributing consumer pregnancy tests sold under the brand First Response® and Answer®. Plaintiffs-Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the veracity of the remaining averments in Paragraph 9 of the Counterclaims, and therefore deny them.

10. Denied, except to admit that SPD is a joint venture between Inverness U.S. and The Procter and Gamble Company, and that SPD together with its principal Inverness U.S. are leaders in the research, development, marketing, and distribution of consumer pregnancy tests in the U.S.

11. Denied, except to admit that Church & Dwight is a competitor of Plaintiffs-Counterclaim Defendants in the consumer pregnancy test market.

12. Denied, except to admit that an FTC press release was issued on December 23, 2008, relating to the proposed settlement of certain charges involving Inverness U.S. Further answering, Plaintiffs-Counterclaim Defendants state that the FTC's December 23, 2008 press release announced that Inverness U.S. had agreed to settle FTC charges stemming from Inverness U.S.'s acquisition of certain IP and certain assets of ACON Laboratories, Inc. ("ACON") and the alleged competitive impact those acquisitions would have on the market for consumer pregnancy tests. Plaintiffs-Counterclaim Defendants accordingly deny that the allegations contained in paragraph 12 of C&D's counterclaims have any relevance to this action's patent claims.

13. Denied, except to admit that the December 23, 2008 FTC press release announced that Inverness U.S. had agreed to enter into an agreement (the "Consent Agreement") to settle FTC charges stemming from Inverness U.S.'s acquisition of certain IP and certain assets of ACON Laboratories, Inc. ("ACON") and that some of the FTC's acquisition-related charges involved digital consumer pregnancy tests and related in part to C&D. A copy of the Consent Agreement is attached hereto as Exhibit A. Further answering, Plaintiffs-Counterclaim Defendants state that the FTC's charges pertained to the competitive impact of certain acquisitions and did not relate in any way to the patent at issue in this action nor to any effort by Inverness U.S. to enforce its rights under that patent. In this regard, the FTC's "Decision and Order," which became a part of the "Consent Agreement," expressly stated at pages 12 – 13 that it

> "shall not require Respondent [Inverness U.S.] to transfer, disclaim, license, grant, or not to assert, any technology, intellectual property or intellectual property right that was not created, generated, or Developed by ACON and/or Church & Dwight under the Church & Dwight/ACON R&D Agreement or the Church & Dwight/ACON Supply Agreement, including the Reserved Patent Rights."

A copy of the FTC's Decision and Order is attached hereto as Exhibit B. Based on the foregoing, the Plaintiffs-Counterclaim Defendants deny that the allegations contained in paragraph 13 of C&D's counterclaims have any relevance to this action's patent claims.

14. Denied, except to admit that the Consent Agreement was subject to a thirty-day public comment period, which expired on January 20, 2009.

15. Denied, except to admit that after C&D began making false claims in connection with marketing its digital pregnancy test, and during the time before filing the false advertising suit, SPD undertook clinical studies to evaluate C&D's unsubstantiated claims and engaged in multiple communications by letter, email, and telephone with C&D in an effort to have C&D withdraw its false claims without necessitating SPD's filing its false advertising suit and seeking a preliminary injunction.

16. Plaintiffs-Counterclaim Defendants admit that, following C&D's successful motion to transfer the action from the Northern District of California, SPD's false advertising action and SPD's motion for a preliminary injunction against C&D are now pending in the United Stated District Court for the District of New Jersey.

17. Denied, except to admit that the FTC Decision and Order provided, in pertinent part, that: "[Inverness U.S.] shall amend any contract(s) or agreement(s) between [Inverness U.S.] and Bayer (including without limitation such contract(s) or agreement(s) with Metrika, Inc.), and enter such other contract(s) or agreement(s) as may be necessary with Bayer, in order to authorize Bayer to sell a co-exclusive license to the Metrika Patents, in the United States, to [C&D]".

18. Plaintiffs-Counterclaim Defendants lack knowledge or information sufficient to form a belief about the veracity of the averments in paragraph 18 concerning the license negotiations and license agreement for the Metrika Patents (US Patent Nos. 5,580,794 and 5,837,546) between Bayer and C&D, and therefore deny them. Plaintiffs-Counterclaim Defendants deny the remaining averments in paragraph 18 of C&D's counterclaims.

19. Denied, except to admit that on January 8, 2010, Plaintiffs-Counterclaim Defendants sued C&D on U.S. Patent No. 7,317,532 ("the '532 patent"), which properly issued on January 8, 2008, for infringement by C&D's digital consumer pregnancy tests and that their complaint seeks to enjoin C&D from manufacturing and selling its infringing products.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '532 PATENT

20. Plaintiffs-Counterclaim Defendants repeat and re-allege their responses above to Paragraphs 1-19 of C&D's counterclaims as if set forth fully herein.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY
## AND/OR UNENFORCEABILITY OF THE '532 PATENT

25. Plaintiffs-Counterclaim Defendants repeat and re-allege their responses above to Paragraphs 1-24 of C&D's counterclaims as if set forth fully herein.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

### AFFIRMATIVE DEFENSES TO COUNT I OF C&D's COUNTERCLAIMS

**First Affirmative Defense**

30. C&D has failed to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSES TO COUNT II OF C&D's COUNTERCLAIMS

**First Affirmative Defense**

31. C&D has failed to state a claim upon which relief can be granted.

WHEREFORE, Plaintiffs-Counterclaim Defendants respectfully request that this court:

  A. Enter judgment in favor of Plaintiffs-Counterclaim Defendants on all claims asserted in C&D's counterclaims;

  B. Dismiss C&D's counterclaims with prejudice;

    C.    Award Plaintiffs-Counterclaim Defendants attorneys' fees and costs incurred in defending against C&D's counterclaims;

    D.    Grant Plaintiffs-Counterclaim Defendants such other relief as this Court deems just and proper.

Dated: March 29, 2010

Respectfully submitted,

INVERNESS MEDICAL INNIVATIONS, INC., INVERNESS MEDICAL SWITZERLAND GMBH, and SPD SWISS PRECISION DIAGNOSTICS GMBH,

By their attorneys,

*/s/ Veronica Mullally*

M. Veronica Mullally, Esq. (MM9985)
Gary Serbin, Esq. (GS7332)
LOVELLS LLP
590 Madison Avenue
New York, New York 10022
(212) 909-0600
veronica.mullally@lovells.com
gary.serbin@lovells.com

Michael J. Pineault (BBO# 555314)
CLEMENTS & PINEAULT, LLP
24 Federal Street
Boston, MA 02110
(857) 445-0135
mpineault@clementspineault.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 29, 2010.

**/s/ Michael J. Pineault**
Michael J. Pineault
