# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALERE INC., ALERE SWITZERLAND GMBH, and SPD SWISS PRECISION DIAGNOSTICS GMBH<br><br>Plaintiffs,<br><br>v.<br><br>CHURCH & DWIGHT COMPANY, INC.,<br><br>Defendant. | Civil Action No. 1:10-cv-10027-DPW |

## DECLARATION OF J. ANTHONY DOWNS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISQUALIFY GOODWIN PROCTER LLP

I, J. Anthony Downs, of legal age, hereby declare as follows:

1. I am a partner at Goodwin Procter LLP ("Goodwin"), where I have been practicing law since 1988. I am a member of the bar of the Commonwealth of Massachusetts and of this District, and of other courts as well.

2. For approximately ten years, I have represented plaintiffs Alere, Inc. and Alere Switzerland GmbH or their predecessor entities, Inverness Medical Innovations Inc. and Inverness Medical Switzerland GmbH (collectively referred to here as Alere/Inverness), on multiple matters pertaining to immunoassay test devices used to detect, among other things, the presence of an analyte, such as human chorionic gonadotropin (hCG), as an indicator of pregnancy. During this time, I worked closely with my partner Lana Shiferman on most of those matters, and also with others at Goodwin. Ms. Shiferman and I both have considerable

experience in the technical field that pertains to the three patents in suit in this litigation. I am also familiar with C&D's current counsel, as we respectively represented Inverness and C&D in a patent infringement case before Judge Saris captioned *Inverness Medical Switzerland GmbH, et al. v. Acon Laboratories, Inc.*, No. 03-11323-PBS (D. Mass.).

3. The above-captioned case was filed in January 2010 by the plaintiffs, through Hogan Lovells LLP as principal outside counsel. Goodwin was not retained by Alere/Inverness or by fellow plaintiff SPD Swiss Precision Diagnostics GmbH ("SPD") until late November 2010. Prior that that time, to my knowledge no one at Goodwin was involved in this lawsuit or in the claims asserted against defendant C&D in this lawsuit. The complaint, as amended, alleges that C&D is infringing three patents: U.S. Patent No. 7,239,394 (issued Jul. 3, 2007), U.S. Patent No. 7,315,378 (issued Jan. 1, 2008), and U.S. Patent No. 7,317,532 (issued Jan. 8, 2008).

4. Before Goodwin was retained by plaintiffs for this case, C&D had already produced to Hogan Lovells a copy of the software source code that C&D's counsel represented was used in the First Response® digital pregnancy test device that is accused of infringement in this case. A copy of the letter from C&D referencing production of the software on May 12, 2010 is attached as Exhibit A. Before Goodwin was retained by plaintiffs for this case, Hogan Lovells on behalf of plaintiffs had already served upon C&D the plaintiffs' Preliminary Infringement Contentions, on August 24, 2010. *See* D.I. 25 and 26 in the Court's Docket.

5. On November 23, 2010, C&D submitted and filed its Preliminary Invalidity and Non-Infringement Disclosures with the Court. *See* D.I. 20. A copy of a portion of those disclosures concerning the non-infringement contentions of C&D, is attached hereto as Exhibit B. C&D's Preliminary Invalidity and Non-Infringement Disclosures, which were not marked

confidential under the Court's protective order, discuss numerous aspects of the software algorithm used in the accused device.

6. When Goodwin was retained in this case, I caused a conflict check to be run through Goodwin's computerized conflict database. The results obtained did not indicate the existence of any conflict.

7. After I received a letter from C&D suggesting that Mr. Kline and Mr. Greenhalgh had communications with C&D in 2004, before they joined Goodwin, that allegedly pertained to the development of a digital pregnancy test strip, I referred the matter immediately to Goodwin's ethics partner, Henry Dinger. I have not had any communications with Mr. Kline or Mr. Greenhalgh or anyone else about the substance of their discussions with C&D as referenced in C&D's letter. Neither Mr. Kline or Mr. Greenhalgh have had any involvement at all in this litigation, except insofar as they have supplied declarations submitted in support of Goodwin's opposition to the Motion to Disqualify.

8. I have personally informed all persons working on this litigation that they are not to communicate with Mr. Kline or Mr. Greenhalgh concerning the substance of the litigation. I have personally complied with this directive and will not have any such communications.

9. Attached as Exhibit C is a copy of U.S. Patent No. 7,763,454, entitled "Electronic Analyte Assaying Device" and issued on July 27, 2010 to Dr. Nazareth and others. That patent is assigned to C&D. The patent states that the application for this patent was filed on July 9, 2004 and was published on January 12, 2006. Neither Mr. Kline nor Mr. Greenhalgh are identified as patent attorney for the inventors. The patent describes a digital test device and the optical-based "electronic processing system" employed to detect and signal the presence of an

analyte indicative of pregnancy, including an algorithm for subtracting a background signal from the measurement signal.

I hereby declare under the pains and penalties of perjury this 3rd day of June, 2011, that the foregoing is true and correct.

                                                                  J. Anthony Downs (BBO# 552839)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was filed through the ECF system on June 3, 2011 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Henry C. Dinger*
Henry C. Dinger