

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

July 18, 2011

Hon. Douglas P. Woodlock
John Joseph Moakley Courthouse
1 Courthouse Way — Suite 2300
Boston, MA 02210

    Re: *Alere Inc. v. Church & Dwight Co., Inc.*, 1:10-cv-10027-DPW

Dear Judge Woodlock:

On behalf of the plaintiffs, I submit this brief response to the July 14, 2011 letter of James H. Shalek, setting forth additional argument in support of the defendant's motion to disqualify Goodwin Procter LLP ("Goodwin") as counsel for plaintiffs in this action.

Mr. Shalek suggests that this Court's decision in *U.S. Filter Corp. v. Ionics, Inc.*, 189 F.R.D. 26 (D. Mass. 1999), allocated to the party resisting disqualification of its counsel the burden of persuasion on the application of Mass. R. Prof. C. 1.10(d). He relies in particular on the following sentence of Judge Keeton's opinion: "Thus, [the personally disqualified lawyer] can overcome the 'Imputed Disqualifiction' Rule only if he satisfies at least one of the two exceptions listed as MRPC 1.10(d)(1) and MRPC 1.10(d)(2)." *Id.* at 29.

I suggest, however, that Judge Keeton was not addressing the question of the burden of persuasion, but merely stating the proposition that if one lawyer in a firm is disqualified under Mass. R. Prof. C. 1.9, then Rule 1.10(a)'s imputation of that disqualification to the entire firm applies unless one of the exceptions to the rule in Rule 1.10(d) also applies. In that case, the court considered not a motion to disqualify, but rather a motion on behalf of the plaintiffs for a ruling that Rule 1.10(d) would prevent the imputed disqualification of the plaintiffs' law firm if a partner in a small law firm that was "of counsel" for the defendant in the same action joined plaintiffs' firm. Judge Keeton gave no indication that the allocation of the burden of persuasion played any part in his decision. On the contrary, he based his decision that Rule 1.10(d) did not apply on evidence that did not appear to be seriously in dispute: the small size of the law firm, and that firm's admission that the personally disqualified lawyer consulted on multiple occasions concerning the lawsuit with the lawyers representing the defendants in the litigation. On those undisputed facts, Judge Keeton was unable to conclude that the safe harbors of Rule 1.10(d) apply.

*U.S. Filter* thus does not address the situation that this Court faces, *i.e.* that there is a dearth of evidence as to the subjects discussed and information conveyed in a single meeting that took place nearly seven years ago. I am unaware of any case in Massachusetts that addresses the question of the burden of proof in this precise situation.

LIBA/2199474.1

Hon. Douglas P. Woodlock
July 18, 2011
Page 2

I do note, however, that the author of one of the leading treatises dealing with lawyer disqualification has observed that "the vast majority of both state and federal courts which have considered the applicable burden of proof on disqualification have assigned that burden to the party seeking to invoke the remedy, rather than to the party resisting the motion."  R. Flamm, *Lawyer Disqualification: Conflicts of Interest and Other Bases* § 22.8 (Banks & Jordan 2003 & Supp. 2011).

I also take issue with the statement made by Mr. Shalek in footnote 1 that "plaintiffs have not claimed and cannot claim that Kline and Greenhalgh have 'no information protected by Rule 1.6 or Rule 1.9 that is material to the matter.'"  We argued at length in our brief that the only category of arguably *material* information identified by Church & Dwight was information concerning the algorithm employed in the accused device, and that information is not *confidential* because it was disclosed in discovery before Goodwin was retained and was largely disclosed in Church & Dwight's own patent.  The reservations that the Court expressed at the July 7 hearing concerned what the Court called the "out-takes" of that meeting, out-takes that no one seems to recall seven years later.  I suggest that because the subject of that meeting was the *patentability* of the device that Church & Dwight was developing and not the infringement or invalidity issues raised in this case, it is unlikely that Messrs. Kline or Greenhalgh obtained any material confidential information, much less *substantial* material confidential information.

Respectfully submitted,

*/s/ Henry C. Dinger*

Henry C. Dinger, P.C.

LIBA/2199474.1

Hon. Douglas P. Woodlock
July 18, 2011
Page 3

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 18, 2011.

                                            /s/ Henry C. Dinger