

**Proskauer**  Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

2011 JUL 15  A 10: 39

James H. Shalek
Member of the Firm
d 212.969.3050
f 212.969.2900
jshalek@proskauer.com
www.proskauer.com

July 14, 2011

**FEDERAL EXPRESS**

The Honorable Douglas P. Woodlock
John Joseph Moakley U.S. Courthouse
1 Courthouse Way – Suite 2300
Boston, MA 02210

  Re: <u>Alere Inc., et al. v. Church & Dwight Co., Inc.</u>, 1:10-cv-10027-DPW

Dear Judge Woodlock:

  We represent Defendant Church & Dwight Co., Inc. ("C&D") in the above-referenced action and appeared before the Court last Thursday, July 7, 2011, for the oral argument upon Defendant's Motion to Disqualify Goodwin Proctor as co-counsel for Plaintiffs Alere Inc., *et al*. During the course of argument, the Court asked the parties if any guidance exists on the issue of which side bears the burden of proof under MRPC 1.10 (d). The purpose of this letter is simply to provide the Court with clear precedent that confirms that the burden of proof rests squarely on the party seeking to avoid imputed disqualification.

  In *U.S. Filter Corp. v. Ionics, Inc.*, 189 F.R.D. 26 (D. Mass 1999), District Judge Keeton declined to approve screening procedures, holding:

> "It is clear from the Declaration of Toby H. Kusmer [disqualified counsel]…that if Mr. Kusmer were to join the firm of Hale and Dorr, LLP, he would be part of a Hale & Dorr practice group that continues to represent the U.S. Filter plaintiffs in two matters both of which are the 'same…matter[s] in which…[Mr. Kusmer]…had previously represented [Ionics, Defendant] whose interests are materially adverse to [U.S. Filter, Plaintiffs, now clients of Hale and Dorr, LLP]…' MRPC 1.10(d). **Thus, *Mr. Kusmer [the personally disqualified attorney] can overcome the "Imputed Disqualification" Rule only if he satisfies at least one of the two exceptions listed as MRPC 1.10(d)(1) and MRPC 1.10(d)(2).*** (Id. at 28-29)(Emph. Supp.)

During argument last week, I quoted a later portion of the opinion (at 30) which is consistent with placing the burden of proof on the party seeking to fit within the MRPC 1.10(d) exception to imputed disqualification. However, the earlier language

CURRENT 24331514v1

Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, D.C.

**Proskauer»**

The Honorable Douglas P. Woodlock
July 14, 2011
Page 2

(quoted above) much more clearly confirms that principle. We therefore respectfully thought it appropriate to bring it to Your Honor's attention.[1]

    The Court also raised the question whether C&D bore the burden of showing that the information was "substantial" under Rule 1.10(d)(2), even if that meant disclosing confidential information that would not have to be disclosed under Rule 1.09. Here again, the decision in *U.S. Filter* confirms that the burden of satisfying the exception to imputed disqualification must fall on the party seeking to avoid disqualification. The personally disqualified attorney may then establish that he or she was not exposed to disqualifying information, or it was not, in any case, "substantial."[2] That has not been done here.

Respectfully submitted,

*/s/ James H. Shalek*
James H. Shalek

cc: Henry C. Dinger, Esq. (Goodwin Procter)
     Veronica Munoz, Esq. (Hogan Lovells US LLP)

---

[1] The court in *U.S. Filter* spoke of the need to "satisfy at least one of the two exceptions listed as MRPC 1.10(d)(1) and MRPC 1.10(d)(2)" to avoid imputed disqualification. Here, of course, subsection (d)(1) is not in issue, because Plaintiffs have not claimed and cannot claim that Kline and Greenhalgh have "no information protected by Rule 1.6 or Rule 1.9 that is material to the matter...." Thus, Goodwin can only avoid disqualification by carrying it's burden under both prongs of subsection (d)(2).

[2] Indeed, as a practical matter, the former client may not even be in a position to determine whether the affected attorneys had substantial material information. Where teams of lawyers are involved, the client cannot be expected to know what information was conveyed to which team members.