

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

James H. Shalek
Member of the Firm
d 212.969.3050
f 212.969.2900
jshalek@proskauer.com
www.proskauer.com

July 21, 2011

**Via ECF System**

The Honorable Douglas P. Woodlock
John Joseph Moakley U.S. Courthouse
1 Courthouse Way – Suite 2300
Boston, MA 02210

    Re:    <u>Alere Inc., et al. v. Church & Dwight Co., Inc.</u>, 1:10-cv-10027-DPW

Dear Judge Woodlock:

    The purpose of this letter is to correct the record by placing before the Court the full text of the section in the legal treatise (R. Flamm, *Lawyer Disqualification: Conflicts of Interest and Other Bases*), which was partially quoted by Mr. Dinger in his July 18, 2011 letter.  Mr. Dinger quoted a sentence from the supplement to § 22.8, to the effect that the vast majority of state and federal courts place the burden of proof on the party seeking disqualification.  However, at the end of that section, the treatise makes clear that although "virtually all courts" are in accord that the moving party must provide enough evidence to establish a conflict or other cognizable grounds for disqualification, "… courts have expressed the opinion that, once this hurdle has been cleared, the burden shifts - at least in certain situations - to challenged counsel to demonstrate that continued representation would be appropriate."   R. Flamm, § 22.8, at 439.  (A complete copy of § 22.8 together with the 2011 supplement is attached. For the Court's convenience, we have highlighted the portion quoted above.)

    The distinction between the initial burden of establishing a prima facie conflict and the ultimate burden of proof under the safe harbor provisions of Rule 1.10(d)(2) is confirmed by the cases cited in the treatise. For example, Florida state cases are cited in note 32 of the 2011 supplement to support the statement Mr. Dinger quoted. However, Florida cases are also cited in note 37 (*see* 2011 supplement at 579) to support the point that the burden shifts to the party resisting disqualification once the initial showing is made.  (E.g., *Scott v. Higgenbotham*, 834 So. 2d 221, 223 (Fla. App. 2002) ("to establish a prima facie case for disqualification, the moving party must show

CURRENT 24458202v2

Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, D.C.

**Proskauer»**

The Honorable Douglas P. Woodlock
July 21, 2011
Page 2

that the newly associated attorney acquired [confidences] in the course of the attorney's prior representation…the burden [then] shifts to the firm whose disqualification is sought to show that the newly associated attorney has no knowledge of any material [confidences]."))  Even assuming Church & Dwight had the initial burden on this motion, a shift in burden follows where, as here, a firm is trying to fit within the exception to imputed disqualification under Rule 1.10(d)(2).   Consequently, the Flamm treatise is consistent with the holding in *U.S. Filter Corp. v. Ionics, Inc.*, 189 F.R.D. 26 (D. Mass. 1999) and the rules and commentary in Massachusetts placing the applicable burden on the party resisting disqualification.

                              Respectfully submitted,

                              */s/ James H. Shalek*

                              James H. Shalek

cc:    Henry C. Dinger, Esq. (Goodwin Procter)
       Veronica Munoz, Esq. (Hogan Lovells US LLP)

**Proskauer»**



The Honorable Douglas P. Woodlock
July 21, 2011
Page 3

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 21, 2011.

                                */s/* Sharada Devarasetty